UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RANDY YOUNG**

       **Plaintiff,**                    Case No. 2:05-cv-225
                                            JUDGE GREGORY L. FROST

   **v.**

                                            Magistrate Judge Kemp

**MAHASAGAR, INC.**

       **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's motion to dismiss (Doc. # 6), Plaintiffs' response in opposition (Doc. # 9), and Defendant's reply (Doc. # 10). For the reasons that follow, this Court finds the motion to dismiss to be not well taken. (Doc. # 6.)

### I. Background

In his complaint–the contentions of which the Court accepts as true for the present inquiry–Randy Young ("Plaintiff"), who is disabled within the meaning of the Americans with Disabilities Act of 1990 ("ADA"), states that on February 22, 2004, he requested and was denied accommodation at a hotel. (Doc. # 1, at 3 ¶ 7.) Plaintiff is an Ohio resident, with a paraplegic, muscular disorder and requires a wheelchair for mobility. (Doc. # 1, at 3 ¶ 7.) Plaintiff visited Mahasagar, Inc.'s ("Defendant") property, also known as Hometown Inn at 10:15 a.m. and requested a wheelchair accessible room with a roll-in shower. (Doc. # 1, at 4 ¶ 7, 8.) Defendant is the owner of the place of public accommodation in the State of Ohio and is responsible for complying with ADA regulations. (Doc. # 1, at 4 ¶ 9.)

Plaintiff claims that he was denied the full benefits of the facility because Defendants did

1

not have a room that could accommodate him. (Doc. # 1, at 4 ¶ 7.) Plaintiff avers that the property does not comply with the ADA guidelines, including the parking, entrance access, path of travel, access to goods and services, and restrooms. (Doc. # 1, at 6-8 ¶ 16.) Plaintiff encountered architectural barriers that denied him the ability to visit the property safely. (Doc. # 1, at 5 ¶ 11.) Further, Plaintiff claims that he desires to visit the property again to take advantage of the goods and services. (Doc. # 1, at 4 ¶ 7.) Plaintiff contends that Defendant continues to discriminate against him because of its non-compliance with the ADA and Plaintiff's continued desire to visit Defendant's premises. (Doc. # 1, at 4 ¶ 8.)

The Court has federal question jurisdiction over this matter pursuant to Plaintiff's claims under the ADA, 42 U.S.C. § 12181, *et seq.* and 28 C.F.R. 36.302, *et seq.* Specifically, Plaintiff seeks injunctive relief pursuant to 42 U.S.C. § 12188, including an order to alter Defendant's premises to make those facilities comply with the ADA guidelines, or close the facility until Defendant cures its violations of the ADA. (Doc. # 1, at 9 ¶ 22.) Plaintiff also asserts a claim for attorneys' fees, costs, and litigation expense pursuant to 42 U.S.C. § 12205. (Doc. # 1, at 10 ¶ 22(b).)

Currently before the Court is Defendant's motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's Complaint. It is to an examination of that motion that the Court now turns.

## II. Standard Involved

Defendant moves for dismissal under two theories. Defendant contends first that dismissal is warranted under Fed. R. Civ. P. 12(b)(1), which enables a defendant to raise by motion the defense of "lack of jurisdiction over the subject matter." In considering such a

motion

> the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits. However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true.

*Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted). A plaintiff bears the burden of proving jurisdiction. *Id.*; *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms. *Ohio Nat'l Life v. Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Id*. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.* On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Id.* Such a factual attack on subject matter jurisdiction commonly has been referred to as a "speaking motion." *See generally* C. Wright & A. Miller, Federal Practice and Procedure § 1364, at 662-64 (West 1969). When facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. In reviewing these speaking motions, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977). Alternatively, Defendant also moves to

3

dismiss under Fed. R. Civ. P. 12(b)(6). Dismissal is warranted under that rule " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)), *cert. denied*, 520 U.S. 1251 (1997)). The focus is therefore not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)). In making such a determination, a court must " 'construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein.' " *Sistrunk*, 99 F.3d at 197 (quoting *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994)). A court need not, however, accept conclusions of law or unwarranted inferences of fact. *Perry v. Am. Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003). The Court may also consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

### III. Discussion

Defendant moves to dismiss Plaintiff's ADA claim on the grounds that Plaintiff has not alleged facts to support a claim for injunctive relief and thus he lacks standing before this Court.

> [T]o satisfy Article III's standing requirements, a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

4

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Furthermore, "because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges ... a real and immediate--[sic] as opposed to a merely conjectural or hypothetical --[sic] threat of *future* injury."  *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (internal citation and quotation marks omitted) (emphasis in original).

Applying these standards and viewing the facts alleged in Plaintiff's complaint as true, the Court concludes that Plaintiff has established the material elements of standing.  Defendant injured Plaintiff by denying him the full benefits of the facility as a result of its non-compliance with ADA guidelines.  For purposes of this motion, the injury was concrete, particularized, and actual as a result of the discrimination and denial of services.  (Doc. # 1, at 6 ¶ 15.)  The injury can be traced to Defendant's action of denying Plaintiff access to a suitable room.  (Doc. # 1, at 4 ¶ 7.)  Lastly, a favorable decision ordering Defendant to come into compliance with ADA guidelines could redress Plaintiff's injury if his desire to return is genuine.  (Doc. # 1, at 4, 5 ¶ 7, 12.)

Viewing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has satisfied the "real and imminent" threat of injury requirement.  Plaintiff alleges an imminent threat by stating that he desires to visit the premises in the future.  (Doc. # 1, at 4, 5 ¶¶ 7, 12.)  Although this is an indefinite speculation at best, a "some day intention," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (stating that "some day intentions" are insufficient to establish an imminent threat of injury for summary judgment), the Court is bound

5

to take as true the allegations in Plaintiff's complaint for purposes of this motion. *See Disabled Ams. for Equal Access, Inc. v. Ferries Del Caribe, Inc.*, 405 F.3d 60, 64 (1st Cir. 2005) (holding that plaintiff alleged a real and imminent threat of injury sufficiently for a 12(b)(6) motion when he stated that he intended to return to defendant's premises).

Against the "real and imminent" threat of injury requirement, Defendant directs the Court to the fact that Plaintiff has 12 other suits pending against hotels in the Columbus, Ohio area. The Court confirmed from its own docket that Plaintiff claims he visited all 13 hotels within four hours over two days. The Court is skeptical that Plaintiff is genuine in his desire to return to all 13 hotels in the Columbus area to avail himself of the goods and services those establishments provide. *See Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1374-75 (M.D. Fl. 2004) (holding that on motion for summary judgement because Plaintiff had extensive litigation against numerous hotels, his desire to return was insufficient because visiting all the hotels was implausible). The Court is further skeptical that Plaintiff has a continuing connection to Defendant's property because of the numerous other pending suits against other hotels. *See Rodriguez v. Investco, LLC*, 305 F. Supp. 2d 1278, 1284-85 (M.D. Fla. 2004) (litigious ADA plaintiff did not have a continuing connection to property because he did not have an honest desire to return there and therefore failed to establish any basis for relief). The Court recognizes that the other suits may indicate a disingenuous motive that undermines both the spirit and purpose of the ADA. *See Brother*, 331 F. Supp. 2d at 1375 (stating that instead of promoting conciliation and voluntary compliance, the existing law encourages massive litigation). At this point, however, the Court must deny Defendant's motion to dismiss. Plaintiff alleges a real and imminent threat of injury by declaring his desire to return to Defendant's facility and has

6

properly alleged the material elements of standing for purposes of this motion.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss. (Doc. # 6.)

**IT IS SO ORDERED.**

   /s/   Gregory L. Frost

GREGORY L. FROST
UNITED STATES DISTRICT JUDGE