IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Randy Young                       :

          Plaintiff,              :      Case No. 2:05-cv-225

     v.                           :      Judge Frost

Mahasagar, Inc.                   :      Magistrate Judge Kemp

          Defendant.              :

<u>OPINION AND ORDER</u>

Defendant, Mahasagar, Inc. (hereon "Mahasagar") has
submitted a motion for reconsideration of the July 20, 2005 Order
granting F. Scott Fistel, Esq. leave to appear *pro hac vice*.  For
the following reasons, the motion will be denied.

I.

The following facts are pertinent to the motion to
reconsider.  On March 14, 2005, Mr. Young filed an action for
Injunctive Relief under Title III of the Americans with
Disability Act (ADA) alleging that certain conditions existing on
Mahasagar's property, a motel located on West Broad Street in
Columbus, Ohio, were in violation of the ADA.  In an order dated
June 8, 2005, the Court permitted John Vidmar, the attorney who
filed the complaint, to withdraw as Mr. Young's counsel.  On July
19, 2005, F. Scott Fistel, Esq. filed a motion for leave to
appear *pro hac vice* on behalf of Mr. Young.  The Court granted
that motion in an order dated July 20, 2005.  Mahasagar has now
filed a motion for reconsideration of the July 20, 2005 Order
granting Mr. Fistel leave to appear *pro hac vice*.  Mahasagar
claims that the motion should have been denied because it failed
to comply with Local Civil Rule 83.4.  Mahasagar also claims that
the ADA's attorney fee provision is subject to being misused and
is being misused in this case, and that Mr. Fistel's motion to

appear should have been denied in order to prevent such misuse.

                                II.

     The Court will first decide whether Mr. Young's motion for
leave to appear *pro hac vice* complied with Local Civil Rule 83.4.
That rule states, in relevant part:

     a)   Designation and Responsibility. --<u>Unless otherwise
          ordered</u>, in all actions filed in, transferred to
          or removed to this Court, all parties not
          appearing in propria persona shall be represented
          of record by a "trial attorney" who is both a
          permanent member of the bar of this Court in good
          standing and a member in good standing of the bar
          of the Supreme Court of Ohio. Unless such
          designation is changed pursuant to Subsection (d)
          of this Rule, the trial attorney shall attend all
          hearings, conferences and the trial itself, unless
          otherwise excused.

     **c)  ....Admission pro hac vice does not entitle an attorney
          to appear as the "trial attorney" required by
          subsection (a)of this local rule.   (Emphasis
          supplied).

Under the "unless otherwise ordered" language of Local Civil Rule
83.4(a), this Court has the discretion to allow an out-of-state
attorney to appear as a "trial attorney."

     Here, when the Court granted Mr. Fistel's motion to appear,
it was simply exercising its discretion under Local Civil Rule
83.4(a).  Further, to the extent that Mahasagar's motion is
premised in part upon the absence of local counsel, two local
attorneys have now entered appearances on behalf of Mr. Young.
For these reasons, the Court concludes that the motion for leave
to appear *pro hac vice* complied with Local Civil Rule 83.4 and
was properly granted under that Rule.

                                III.

     The Court next considers whether there are substantive
reasons to rethink its decision to allow Mr. Fistel to appear *pro*

*hac vice*.  As a general matter, there is no right of federal origin that permits out-of-state lawyers to appear in a state's courts without meeting that state's bar admission requirements. The Constitution does not require that because a lawyer has been admitted to the bar of one state, he or she must be allowed to practice in another. <u>Leis v. Flynt</u>, 439 U.S 438, 443(1979). Since the founding of the Republic, the licensing and regulation of lawyers has been left exclusively to the states and the District of Columbia within their respective jurisdictions. <u>Id</u>. at 441-42. The states prescribe the qualifications for admission to practice and the standards of professional conduct. <u>Id</u>. In order for an out-of-state lawyer to appear in this Court as counsel or co-counsel, a motion for permission to appear *pro hac vice* must be filed. Local Civil Rule 83.4.  If the applicant has, in the past, been guilty of conduct that was found unprofessional and in violation of the Code of Professional Responsibility, the Court has sufficient justification to deny a motion to appear *pro hac vice*. <u>Ross v. Reda</u>, 510 F.2d 1172, 1173 (6th Cir. 1975).  In addition, at least one Court has held that it is within the discretion of the District Court to deny admission *pro hac vice* to an attorney guilty of "unlawyerlike" conduct.  <u>Thomas v. Cassidy</u>, 249 F.2d 91(4th Cir. 1957); <u>but see</u> <u>In re Evans</u>, 524 F.2d 1004, 1008 (5th Cir. 1975).  Typically, for a court to refuse to grant *pro hac vice* admission on these grounds, specific allegations must be made, general accusations about an attorney's demeanor are insufficient, <u>id</u>., and absent a showing of unethical conduct rising to a level that would justify disbarment, the court does not abuse its discretion if it admits the attorney. <u>Id</u>. at 1007; <u>see also</u> <u>Schlumberger Tech., Inc. v. Wiley</u>, 113 F.3d 1553, 1561 (11th Cir. 1997).

In the case at hand, Mahasagar has not presented any evidence that would indicate that Mr. Fistel's conduct in the

3

past has been unprofessional or in violation of the Code of Professional Responsibility. However, Mahasagar claims that the ADA's attorney fees provision is exploitative and that because either Mr. Young or Mr. Fistel, or both of them, may be attempting to take advantage of that provision, the Court should not have granted Mr. Fistel's motion. The Court will now turn to this argument.

IV.

In its memorandum, Mahasagar notes that several federal courts have decried the liberal attorneys' fees provision of the ADA and noted that individuals with disabilities sometimes file suits against establishments they have never visited simply in an effort to obtain such fees. They contend that Mr. Young, having filed approximately 15 cases in this Court, can be characterized as a "serial plaintiff" and that Mr. Fistel has represented at least three other so-called "serial plaintiffs" in Florida. In order to curtail this type of litigation, Mahasagar argues that the Court should deny Mr. Fistel leave to appear as "a necessary move in preventing Plaintiff's abusive scheme" of ADA litigation.

The Court will not address whether the ADA's attorney fee provision is exploitative. Congress and the court constitute co-ordinate branches of the government; their duties are distinct and of a different character. Pennsylvania v. Wheeling & Belmont Bridge Co., 59 U.S. 421,440 (1856). The judicial power cannot legislate, nor can the legislative power act judicially. Id. For this reason, the Court does not have the authority to rewrite the provision of the ADA about which Mahasagar complains.

Further, denying Mr. Fistel leave to appear in this case would not further Mahasagar's position even if that position had merit. If Mr. Young brought this suit without foundation, disqualifying one of his three attorneys is not the proper way to address the issue. If Mr. Fistel's conduct in this suit is, or

4

becomes, unreasonable, remedies also exist to address that type of problem. Denying his request to participate in the case in the absence of such improper conduct would not have been appropriate.

V.

For the foregoing reasons, Mahasagar's Motion for Reconsideration of the July 20, 2005 Order Granting F. Scott Fistel, Esq. Leave to Appear *Pro Hac Vice* (#17) is DENIED.


/s/ Terence P. Kemp
United States Magistrate Judge